## HIRSCHFELD et al. v. MONAHAN.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

JUDGMENT (§ 143*)—DEFAULT—VACATING JUDGMENT.

Where defendant's attorney failed to appear at the hour set on an adjournment of the trial, because detained by an obstruction in travel, but he appeared 45 minutes later, and immediately moved to open a default judgment rendered during his absence, the court erred in refusing to open the default, especially where it appeared that the case was once tried, and resulted in a dismissal.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. § 143.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Harry Hirschfeld and another against Terence E. Monahan. From an order denying a motion to open a default, defendant appeals. Reversed, and judgment vacated on condition, and new trial ordered.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs: 1907 to date, & Rep'r Indexes

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Emanuel I. S. Hart, of New York City, for appellant.

Harry Weinberger, of New York City, for respondents.

PER CURIAM. The trial of this case had proceeded until the time for recess had arrived, and an adjournment was taken until 2 p. m. At that hour the defendant's attorney failed to appear, whereupon the court directed that the plaintiffs take an inquest. The defendant's attorney, appearing a short time after judgment had been entered against his client, immediately procured an order to show cause why his default should not be excused and the judgment set aside. In his affidavit he sets forth that he was unavoidably detained by an obstruction in travel, and was unable to reach the courtroom until about 2:45 p. m. This motion was denied, the court characterizing the attorney's delay as "willful."

This motion should have been granted. Krasne v. N. Y. R. Co., 140 N. Y. Supp. 355. That the attorney's delay was not willful is evidenced, not only by his appearance in court as soon as possible, but by his immediate and earnest efforts to cause his unintentional default to be opened. It appears from the affidavit used on the motion therein that the case was once tried, and resulted in a dismissal of the complaint. This fact speaks strongly in support of the defendant's right to have his day in court.

Order reversed, and judgment vacated upon payment of the costs of the action to date, and new trial ordered, with costs to abide the event.